## MILWAUKEE MOBILIZATION FOR SURVIVAL et al., Plaintiffs,

v.

## MILWAUKEE COUNTY PARK COMMISSION et al., Defendants.

No. 78–C–495.

United States District Court,
E. D. Wisconsin.

Aug. 3, 1979.

Perry, First, Reiher & Lerner by Curry First, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corp. Counsel by James T. McClutchy, Jr., Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs seek an order restraining the defendants from applying three county ordinances to their political rally to be held in a public park on August 4, 1979. Having considered the parties' briefs, I will treat the motion as one for a preliminary injunction. For the reasons which follow, the motion will be granted in part and denied in part.

At the impending rally, the plaintiffs intend to solicit contributions and sell tee shirts, buttons, bumper stickers and other political paraphernalia to raise funds to support their nonprofit political organization. The defendants concede the plaintiffs' right to solicit contributions; however, the defendants point out that ordinance 47.04 provides that

"[n]o person shall sell, keep, or offer for sale, any tangible or intangible article, merchandise, or thing; nor solicit for any trade, occupation, business, or profession, within any park or parkway, without the written permit of the Park Commission."

The plaintiffs have applied for a permit but have been informed that the park commission will not meet to consider their application until its regularly scheduled meeting on September 6, 1979. In their brief, the defendants have stated their belief that the sale by the plaintiffs of tee shirts, buttons and bumper stickers, containing political messages and for the purpose of raising funds for a nonprofit political organization, constitutes commercial activity, subject to regulation under the ordinance. I disagree.

In my judgment, the plaintiffs' sale of these items for the stated purpose is protected by the First Amendment. Such sales are closely allied with the solicitation of contributions, which is clearly protected activity. *See Citizens for a Better Environment v. City of Park Ridge*, 567 F.2d 689, 691–92 (7th Cir. 1975). Moreover, I believe the sale of these items, which carry political messages, for nonprofit purposes, is constitutionally indistinguishable from the sale of

religious leaflets and newspapers. *See Murdock v. Pennsylvania,* 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Boe v. Colello,* 438 F.Supp. 145, 152 (S.D.N.Y.1977); *Gall v. Lawler,* 322 F.Supp. 1223, 1225 (E.D. Wis.1971).

While ordinance 47.04 could properly be applied to the commercial activities of food peddlers and ice cream vendors, its sweeping language, reaching, as it does, protected First Amendment activities, combined with its failure to provide any standards restricting the discretion of the permit-issuing authorities, suggests that the ordinance is constitutionally defective on its face. *See International Society for Krishna Consciousness v. Rochford,* 585 F.2d 263 (7th Cir. 1978). However, on this motion for a preliminary injunction, I need only decide whether the ordinance may be applied to the plaintiffs' sales at the August 4th rally. Accordingly, I hold only that the defendants may not apply ordinance 47.04 to such sales.

The plaintiffs also wish to restrain the defendants from applying ordinances 47.16 (prohibiting the use of threatening, abusive, profane and indecent language) and 47.28 (making a person granted a rally permit liable for his own negligence and that of his agents and servants). However, I find consideration of these ordinances in the context of the plaintiffs' motion would be premature since there is no indication that the defendants intend to apply these ordinances to the August 4th rally.

Therefore, IT IS ORDERED that the motion of the plaintiffs for a temporary restraining order, treated as a motion for a preliminary injunction, to prevent the defendants from applying county ordinance 47.04 to the plaintiffs' sale of tee shirts, buttons, bumper stickers and similar items at the rally to be held by the plaintiffs on August 4, 1979, be and hereby is granted.

IT IS ALSO ORDERED that the motion of the plaintiffs for a temporary restraining order, treated as a motion for a preliminary injunction, to prevent the defendants from applying ordinances 47.16 and 47.28 to the rally to be held by the plaintiffs on August 4, 1979, be and hereby is denied.

IT IS FURTHER ORDERED that the defendant Milwaukee County Park Commission, and all persons acting under its authority and control, be and hereby are preliminarily enjoined from applying county ordinance 47.04 to the plaintiffs' sale of tee shirts, buttons, bumper stickers and similar items at the rally to be held by the plaintiffs on August 4, 1979, until further order of this court.