[891 NYS2d 617]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v SAMUEL FRANQUI, Defendant.

Criminal Court of the City of New York, New York County, October 15, 2009

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, New York City, for defendant. *Robert M. Morgenthau, District Attorney*, for plaintiff.

**OPINION OF THE COURT**

FRANK P. NERVO, J.

Defendant moves to dismiss the accusatory instrument as facially insufficient (CPL 170.30, 170.35), on the ground that the conduct charged is constitutionally protected (US Const 1st, 14th Amends; NY Const, art I, § 8).

On consideration of the notice of motion, the affirmation in support of the motion and the affirmation in opposition, the motion is denied.

Defendant is charged with violating Administrative Code of the City of New York § 20-453, unlicensed general vending. The complaint alleges that a police officer observed defendant displaying and offering for sale more than 10 pieces of costume jewelry. Defendant neither displayed nor produced a New York City Department of Consumer Affairs vendor's license.

Defendant's attorney submits an affirmation that is based on his examination of the records, his investigation and conversations with the Assistant District Attorney and his client. He does not allege the nature or result of his investigation and does not state that he has any personal knowledge of the facts of this case.

The attorney argues that although Administrative Code § 20-453 prohibits unlicensed general vending, he quotes from the unreported decision, *People v Morrison* (Sup Ct, NY County June 1, 2009), that states that the Administrative Code provision

> "contains an exception for newspapers, periodicals, book pamphlets and similar written material. This exemption has been extended to include various genre of visual art on the grounds that, artistic expression, within the confines of reasonable limitations, is protected by the First Amendment of the United States Constitution. (see *Bery v City of New York*, 97 F. 3rd 689 2nd Cir., 1996)."

Defendant's attorney argues that defendant,

> "a 44 year old New York resident who has been making art for some 25 years, designed and created the subject costume jewelry himself. He makes handcrafted jewelry using wires, shells and other objects, sells it on the street and has a tax I.D., which in this case the police seized along with his property."

A person vending jewelry may be entitled to the First Amendment protection that applies to the sale of art. (*See Bery v City of New York*, 97 F3d 689 [2d Cir 1996].) However,

the sale of jewelry or other merchandise, unlike paintings, photographs, prints and sculptures, is not presumptively entitled to First Amendment protection. (*Mastrovincenzo v City of New York*, 435 F3d 78, 93 [2006].) The issue, which must be resolved on a case-by-case basis, is whether the object "serve[s] predominately expressive purposes" entitling its vendor to constitutional protection (*id.* at 92). If the constitutional protection applies, the vendor may not be prosecuted for failure to have a license.

However, because a jewelry vendor is not presumptively entitled to operate without a license, the question of whether the objects defendant was selling served a "predominantly expressive purpose" or were "[m]ere commercial goods" (*Mastrovincenzo v City of New York* at 87) cannot be determined on a motion to dismiss for facial insufficiency, as that issue is an evidentiary one. (*See People v Zhou Yu*, 4 Misc 3d 128[A], 2004 NY Slip Op 50630[U] [2004].)

The test on a motion to dismiss for facial insufficiency is whether the accusatory instrument's factual allegations "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (*People v Casey*, 95 NY2d 354, 360 [2000]). The accusatory instrument in this case meets this test by describing defendant's conduct with factually and legally sufficient detail to establish a prima facie case of unlicensed vending. It alleges the number of pieces of jewelry defendant displayed for sale and alleges his failure to display or produce a license. (*See People v Zoungrana*, 13 Misc 3d 130[A], 2006 NY Slip Op 51795[U] [2006].)

The court rejects the argument that defendant is an artist who uses various items in making costume jewelry. The list of materials does not provide a basis to determine whether the jewelry served a "predominantly expressive purpose" (*Mastrovincenzo v City of New York*, 435 F3d 78 [2006]). The fact that defendant may be an artist is of no moment. Both plaintiffs in *Mastrovincenzo* were artists. However, their status did not presumptively make their products artistic works.

The court is mindful of the decision defendant relies on, *People v Morrison* (*supra*). That decision, by a court of coordinate jurisdiction, is not binding on this court (*see Mountain View Coach Lines v Storms*, 102 AD2d 663 [1984]; *Hamlin v Bender*, 92 Misc 16 [1915]) and this court respectfully declines to follow it.

The *Morrison* court's finding that "the creation of jewelry is inherently an art form" is contrary to the reasoning and holding in *Bery v City of New York* (*supra*) and *Mastrovincenzo v City of New York* (*supra*).

Accordingly, it is ordered that the motion to dismiss the accusatory instrument is denied.