OPINION OF THE COURT
Lynn R. Kotler, J.
The defendant is charged with unlicensed general vending in violation of Administrative Code of the City of New York § 20-453.
The defendant has moved in an omnibus motion for: (1) dismissal of the accusatory instrument for facial insufficiency; (2) discovery; (3) a bill of particulars; (4) preclusion of convictions and prior bad acts; (5) suppression of physical evidence; and (6) suppression of statement evidence.
For the reasons that follow, the motion is granted only to the extent that the accusatory instrument is dismissed for facial insufficiency.
The accusatory instrument alleges that on September 2, 2010, in front of 1585 Broadway, New York, New York, the defendant displayed and offered for sale 20 condoms and could not produce a license issued by the Department of Consumer Affairs (DCA), in violation of Administrative Code § 20-453. While the condoms are not described any further in the accusatory instrument, the defendant contends that the condoms at issue bore political messages on their packaging. The defendant claims that the wrappers the condoms were in contained caricatures of President Barack Obama, Senator John McCain and Governor Sarah Palin along with “satirical slogans and commentary regarding political awareness, sexual responsibility, and abortion.”
The defendant has provided the following descriptions of the different types of packaging on the condoms:
“Three versions bearing President Obama’s image (collectively, the ‘Obama Packaging’) each show President Obama smiling against the backdrop of an American flag. One version is captioned, ‘The Ultimate Stimulus Package.’ Another is captioned, ‘Hope is Not a Form of Protection.’ The third ver *759 sion is captioned, ‘Use With Good Judgment,’ with a footnote, ‘Smaller Sizes Available.’ The back of the Obama Packaging reads:
“The Original Obama Condom, ‘Use With Good Judgement’, [sic] is derived from Barack Obama’s campaign slogan, ‘Judgement [sic] to Lead.’ The Obama campaign used these words to portray his message that there can be the right experience and the wrong experience, and experience does not necessarily mean sound judgment. Our aim in the promotion of the catchphrase ‘Use With Good Judgement’ [sic] is to instill social, political and sexual responsibility to America’s youth through the medium of condoms. OBAMACONDOMS.COM. “The package bearing Senator McCain’s image (the ‘McCain Packaging’) shows a caricature of McCain, smiling with his thumbs up and against a backdrop of the Presidential seal. The caption reads, ‘Old But Not Expired,’ with a footnote, ‘Wrinkled for her pleasure.’ The back of the McCain Packaging reads: “McCain Condoms, bearing the maverick tagline, ‘Old But Not Expired,’ state that old age does not mean impotence. Many of those in political power are many generations beyond youth, yet they hold the ultimate power to affect our nation and the world. As young Americans, we need to realize that our power is in our ability to maintain political awareness and show up at the polls. MCCAIN CONDOMS.COM
“The package bearing Governor Palin’s image (the ‘Palin Packaging’) shows a caricature of Palin in front of an Alaska landscape with a moose. The image is titled, ‘When Abortion Is Not An Option,’ and contains a footnote reading, ‘Experience Not Necessary For Use’ and a banner reading ‘Limited Edition.’ The back of the Palin Packaging states: “Perhaps one of our most aggressive slogans, ‘When Abortion Is Not An Option,’ the Palin Condom takes aim at both hers and the Republican Party’s stance on a woman’s right to choose. If a woman would not be granted the right to choose, as is suggested, then condoms become of the utmost importance. Palin’s condoms are always ‘ready, willing, and able’ despite Sarah Palin’s inability to finish; they’re able to handle the load. PALINCONDOM.COM.”
*760 By failing to rebut the defendant’s characterization of the subject condoms, the People have implicitly conceded same.
The defendant now moves to dismiss the information on the grounds that the items sold fit within the written matter exception of Administrative Code § 20-453. The People oppose the motion, and rely on People v Larsen (29 Misc 3d 423 [Crim Ct, NY County 2010]), in which a court of coordinate jurisdiction held that the subject defendants’ sale of condoms enclosed in virtually identical wrappers did not fall within the written matter exception.
Discussion
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged (CPL 100.15 [3]; 100.40 [1] [b]; 70.10). These facts must be supported by nonhearsay allegations which, if true, establish every element of the offense charged (CPL 100.40 [1] [c]). An information which fails to satisfy these requirements is jurisdictionally defective (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]).
The written matter exception contained in Administrative Code § 20-453 was the legislature’s attempt to ensure that the statute itself was not unconstitutionally applied to forms of expression protected by the First Amendment of the US Constitution. The written matter exception specifically exempts vendors of “only newspapers, periodicals, books, pamphlets or other similar written matter” from the attendant licensing requirements (Administrative Code § 20-453 [emphasis added]). In enacting this exception, the New York City Council declared:
“[I]t is consistent with the principles of free speech and freedom of the press to eliminate as many restrictions on the vending of written matter as is consistent with the public health, safety and welfare. The council further finds and declares that general vendors who exclusively vend written matter should be free from licensing requirements. It is further found and declared that general vendors who exclusively vend written matter with the aid of small portable stands should be exempted from restrictions on the time, place and manner of their vending activity insofar as such exemption does not constitute a threat to public health, safety or welfare.” *761 (Local Law No. 33 [1982] of City of NY § 1, quoted in People v Balmuth, 178 Misc 2d 958, 967-968 [Crim Ct, NY County 1998].)
At the outset, the court finds that the accusatory instrument is deficient because it fails to specifically allege that the items the defendant sold are not written matter. If the statute under which the crime is charged contains an exception, the indictment must allege that the crime is not within the exception (People v Sylla, 7 Misc 3d 8 [App Term, 2d Dept 2005]; People v Kohut, 30 NY2d 183 [1972]). However, even if the People had affirmatively pleaded that the condoms are not written matter, the result would be the same.
The defendant contends that the Department of Consumer Affairs, the agency in charge of administering the ordinance, has construed the written matter exception to apply to “items bearing political messages” such as “t-shirts, buttons and flags.” The defendant has provided to the court a letter from the DCA dated January 21, 2005 (the DCA letter). In that letter, the DCA responded to an “inquiry about vending and whether a General Vendors license is required for what you wish to sell on the streets of the City of New York.”
While the meaning of the term “other similar written matter” contained in Administrative Code § 20-453 is not immediately clear on its face, it is black letter law that “the construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld” (Matter of Johnson v Joy, 48 NY2d 689, 692 [1979]). There can be no dispute that the condoms at issue here are items, and that these items bear a political message. While the condoms are not t-shirts, buttons or flags, they are not so dissimilar as to fall outside the same category of items bearing political messages.
Moreover, the market for the defendant’s condoms is relevant to this issue. Here, the reasonable consumer of these condoms is unlikely to purchase them for use as a barrier device used during sexual intercourse, which is the usual purpose of such items. Rather, the reasonable consumer would purchase the defendant’s condoms because of the political message contained on the wrapper. Once the wrapper has been discarded, we are presumably left with an ordinary condom of questionable effectiveness and perhaps not even the ordinary guarantees associated with name-brand condoms. For all these reasons, this court finds that the defendant’s condoms fall within the written matter exception as construed by the DCA.
*762 Nor is the DCA’s interpretation of the written matter exception irrational or unreasonable. The City Council, in enacting Administrative Code § 20-453, clearly sought to eliminate unconstitutional restrictions on the sale of written matter in order to avoid the chilling effect on speech. The DCA letter furthers the legislature’s intent. In addition, by clearly defining exempt and nonexempt categories relative to the written matter exception, clear notice is given to the general public and the risk of arbitrary enforcement of Administrative Code § 20-453 is avoided.
This court respectfully rejects the reasoning of People v Larsen (supra), upon which the People rely. In Larsen, two defendants were charged with violations of Administrative Code § 20-453 arising from their sale of virtually identical condoms. Those defendants moved to dismiss for facial insufficiency based upon the same arguments raised herein. While focusing on the company who purportedly manufactured the subject condoms, Practice Safe Policy (PSP), the Larsen court took judicial notice of PSP’s Web site and concluded based upon an examination thereof, PSP’s manufacture and sale of these condoms was just “clever marketing” and was not designed to be “informative” or “persuasive” speech (29 Misc 3d at 433). The Larsen court held that the defendants’ speech, vis-á-vis PSP’s speech, was a sales pitch, calculated to attract attention to a commercial enterprise, and therefore amounted to commercial speech. The Larsen court went on to find that Administrative Code § 20-453, as applied, furthered a “significant” governmental interest, was narrowly tailored as to time, place and manner, and did not cut off alternative channels of communication (29 Misc 3d at 435-436). Therefore, the Larsen court denied the defendants’ motion to dismiss for facial insufficiency.
First, the Larsen court is a court of coordinate jurisdiction and this court is not bound to follow it. Nonetheless, this court is not persuaded that its conclusion that the subject condoms fall within the DCA letter’s exempt category of “items bearing political messages” would “render the written matter exception meaningless” (id. at 435). If the defendant was selling a name-brand condom such as Trojan, Lifestyles, Durex, etc., there would be no question that the items do not fall within the written matter exception because their sale would not be “inextricably intertwined” with First Amendment protected speech (see Gaudiya Vaishnava Soc. v City & County of San Francisco, 952 F2d 1059 [9th Cir 1990]; compare Larsen, 29 Misc 3d at 435 n *763 10), even if the defendant was engaging in political discourse amidst the sale.
It is of no moment that the condoms at issue are not “inherently similar to books, newspapers and pamphlets” (id. at 435). The determination of whether an item falls within the written matter exception does not rest on its similarity to the items specifically referenced in that statute. To read the term “other similar written matter” to mean written materials physically similar to “newspapers, periodicals, books, pamphlets,” i.e., printed materials, would not serve the legislature’s intent to promote free speech and freedom of press and otherwise prevent Administrative Code § 20-453 from unconstitutionally restricting expression. Rather, the term “other similar written matter” must mean similar insofar as it is a vehicle for speech and expression akin to a newspaper, periodical, book or pamphlet. To illustrate, ordinary calendars and datebooks, which are arguably physically similar to newspapers, periodicals, etc., do not fall within the written matter exception because they are not used to exchange ideas (see People v Shapiro, 139 Misc 2d 344 [1988]).
Moreover, this court is not persuaded that the defendant’s sale of the condoms amounts only to commercial speech which is therefore afforded less protection under the First Amendment. PSI] the purported manufacturer of the condoms in Larsen, is not a party to this case, and the court declines to inquire as to the purpose behind PSP’s manufacture and sale of these condoms, if it is indeed the manufacturer.* Rather, the court’s inquiry focuses on the defendant in this case and the items they said which led to the instant prosecution.
Certainly, the fact that the defendant sold these condoms, rather than gave them away, is not relevant to the issue of whether these items are protected by the First Amendment (see City of Lakewood v Plain Dealer Publishing Co., 486 US 750 [1988]; compare Larsen, 29 Misc 3d at 431).
Similarly, the inquiry of whether the defendant was engaged in a form of protected expression is not automatically answered in the negative because the items themselves have some other purpose or “intrinsic value,” so long as the political or social message is “inextricably intertwined” (see Gaudiya Vaishnava *764 Soc. v City & County of San Francisco, supra; see also Al-Almin v City of New York, 979 F Supp 168 [ED NY 1997]; Milwaukee Mobilization for Survival v Milwaukee County Park Commn., 474 F Supp 881 [ED Wis 1979]; Murdock v Pennsylvania, 319 US 105 [1943]; Ayres v City of Chicago, 125 F3d 1010, 1014 [7th Cir 1997]; Nordyke v King, 319 F3d 1185 [9th Cir 2003]).
Accordingly, the information should be dismissed as facially insufficient because the items the defendant was charged with selling without a vendor’s license fall within the written matter exception contained in Administrative Code § 20-453.
Conclusion
In accordance herewith, it is hereby ordered that defendant’s motion to dismiss for facial insufficiency is granted; and it is further ordered that the defendant’s motion is otherwise denied.
Any requested relief not expressly addressed by the court has nonetheless been considered and is hereby denied.

 The court notes that it has not been provided with the actual condoms sold by the defendant or samples thereof, and the parties are otherwise silent as to their manufacture.