OPINION OF THE COURT
Frank P. Ñervo, J.
Defendant moves for an order dismissing the information as facially insufficient (CPL 100.40, 170.30); an order precluding *598 the People from introducing, at trial, evidence of defendant’s prior criminal acts or vicious or immoral conduct; and an order suppressing physical evidence seized from him; or alternatively, for conducting a Mapp and Dunaway hearing.
Defendant is charged with a violation of Administrative Code of the City of New York § 20-453, unlicensed general vending. The information alleges that a police officer observed defendant selling more than 10 magnets for $3 each. The magnets were on a table and defendant was showing the items to several people. The information also alleges that defendant did not display a New York City Department of Consumer Affairs vendor’s license and could not produce one.
Photographs submitted to the court show that there are photographs on the magnets: one shows a nighttime view of the Brooklyn Bridge and Lower Manhattan, including the World Trade Center, apparently taken from a high elevation. The second photograph depicts the Statue of Liberty and Lower Manhattan, and the World Trade Center, during the day. The photograph, apparently an aerial view, is a daytime scene. The third image shows the Statue of Liberty and Lower Manhattan, apparently taken from a lower elevation than the other photographs. The fourth picture is a daylight winter scene of what appears to be Central Park, taken at ground level.
Defendant argues that the information must be dismissed because “[a] complaint is defective and must be dismissed where the statute defining the offense charged is unconstitutional or otherwise invalid.” He argues that the magnets bearing the images he created are artworks and, relying primarily on Bery v New York (97 F3d 689 [1996]), are subject to First Amendment protection (US Const 1st Amend). Defendant does not argue that the information is facially insufficient in any other manner.
The fact that the magnets contain photographic images does not automatically make them constitutionally protected works of art. {See People v Saul, 3 Misc 3d 260 [2004].) Rather than giving the objects presumptive constitutional protection, there must be a factual determination of whether the items served a predominantly expressive purpose or were mere commercial goods. (People v Franqui, 26 Misc 3d 313, 315 [2009], citing Mastrovincenzo v City of New York, 435 F3d 78, 86 [2006].) This is an evidentiary matter that cannot be determined on a motion to dismiss (see People v Zhou Yu, 4 Misc 3d 128[A], 2004 NY *599 Slip Op 50630[U] [2004]). Rather than conducting an in camera examination of the objects to determine whether they are artworks, as defendant requests the court to do, and as was done in People v Saul (id.), this determination should be made at trial where evidence on the question may be taken.
Therefore, while the court denies the motion to dismiss for facial insufficiency, its denial is without prejudice to the defendant offering evidence, at trial, on the question of whether the items serve a predominately expressive purpose.
The branch of the motion seeking a Mapp hearing is denied. Defendant has not demonstrated any right of privacy over the items in question as he does not challenge the fact that they were seized while he was displaying them on a table on a public sidewalk.
Defendant’s motion for a Sandoval hearing is granted to the extent that the trial court will conduct the hearing prior to trial.
Accordingly, it is ordered that the motion is granted to the extent indicated and otherwise denied.