*945 OPINION OF THE COURT
Frank P. Ñervo, J.
Defendant moves for an order dismissing the information as facially insufficient. He also seeks a bill of particulars, discovery, preclusion of prior bad acts and suppression of physical evidence.
Although the People were ordered, in open court on June 16, 2011, to serve and file their opposition papers, in chambers, by August 11, 2011, they have failed to do so. Nor have they filed papers with any other court office. Therefore, the court will decide the motion without opposition by the People.
Defendant is charged with a violation of Administrative Code of the City of New York § 20-453, unlicensed general vending. The accusatory instrument alleges that defendant was selling condoms without displaying or producing a New York City Department of Consumer Affairs vendor license.
Defendant argues that the condoms bear pictures of Barack Obama, John McCain and Sarah Palin, the participants in the 2008 presidential campaign. The packaging bears quotations attributed to various Web sites. Defendant urges that because of the images and quotations, the items are constitutionally protected and that they are covered by an exception in the code provision that permits the sale of “newspapers, periodicals, books, pamphlets or other similar written matter.” (Id.)
Defendant also notes that this court dismissed a similar charge against him as facially insufficient as the accusatory instrument did not allege that the items were not written matter and because the items fall into the written matter exception in the code provision. (People v Andujar, 31 Misc 3d 757 [2011].) He argues that this decision “should control the outcome of this case. Any other outcome would be arbitrary and capricious.”
Contrary to defendant’s argument, People v Andujar (id.), decided by a court of coordinate jurisdiction, is not binding on this court. (See Mountain View Coach Lines v Storms, 102 AD2d 663 [1984].) As the court does not agree with the holding in that case, it declines to follow it.
As this court held in People v Bao (32 Misc 3d 597 [2011]) and People v Franqui (26 Misc 3d 313 [2009]), the question of whether the items defendant was selling serve a predominately expressive purpose entitling them to presumptive constitutional protection (US Const, 1st Amend), or whether they are mere commercial goods, is not a question that may be determined on *946 a motion to dismiss for facial insufficiency. Rather, the question shall be determined at trial where evidence on this question may be taken. Determination of this issue would also determine whether the exception in Administrative Code § 20-453 applies in this case.
Therefore, the branch of the motion to dismiss for facial insufficiency is denied without prejudice to defendant offering evidence at trial on the question of whether the items serve a predominately expressive purpose.
The branch of the motion seeking a bill of particulars and discovery is granted, without opposition, to the extent that the People, if they have not already done so, shall serve a voluntary disclosure statement and bill of particulars on defendant’s counsel within five days of the date of service on them of a copy of this decision and order.
The branches of the motion seeking suppression of prior bad acts and physical evidence are granted, without opposition, to the extent that the trial court will conduct Sandoval and Mapp hearings prior to trial.
Accordingly, it is ordered that the motion is granted to the extent indicated and otherwise denied.