*592 OPINION OF THE COURT
Gia L. Morris, J.
In an accusatory instrument filed on September 21, 2011, the defendant Lawrence Orimogunje is charged with violating Penal Law § 245.01, exposure of a person. Defendant Orimogunje now moves for dismissal of the instant matter on the grounds that the complaint filed against him is facially insufficient, and for other relief.
The following is the decision and order of the court.
I. Statement of Facts
A review of the court’s file indicates that the defendant, Lawrence Orimogunje, was arrested on September 20, 2011 by a New York City Police Officer in the vicinity of 851 Grand Concourse Avenue, Bronx County, New York after a civilian witness observed the defendant sitting on a public bus with his legs open, and his penis exposed. Defendant Lawrence Orimogunje was arraigned on September 21, 2011 in Bronx County Criminal Court, AR-2 and charged with violating Penal Law § 245.01, exposure of a person, a violation under New York State law. The People announced ready at arraignment, and the case was adjourned for the filing of motions.
II. Motion to Dismiss the Accusatory Instrument for Facial Sufficiency
The defendant moves for dismissal of the accusatory instrument for facial insufficiency pursuant to CPL 100.40 and 170.30. Additionally, the defendant moves to preclude the People from filing a superseding complaint on the grounds that more than 30 days have elapsed since the defendant’s arraignment, and therefore they are time-barred pursuant to CPL 30.30 (1) (d).
In relevant part, the complaint in this matter states: “Deponent states that, at the above time and place, a New York City Transit Authority BX2 bus, she observed defendant to be sitting on the aforementioned bus with his legs open and his naked penis protruding from an opening in his pants.” (See complaint.)
It is well-settled law that, in order to be facially sufficient, an accusatory instrument must contain facts of an evidentiary nature that support or tend to support the crimes charged, as well as contain nonhearsay allegations that establish, if true, every element of the crime(s) charged. (CPL 100.15 [3]; 100.40 [1] [b], [c]; People v Dumas, 68 NY2d 729 [1986].) Further, an accusatory instrument must establish reasonable cause to *593 believe that the defendant committed the crimes charged. (Id.) Lastly, in determining whether an accusatory instrument is facially sufficient, a court must “consider whether both the alleged facts and the reasonable inferences to be drawn from those facts, viewed in the light most favorable to the People, would, if true, establish every element of the crime charged.” (People v Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U], *2 [Grim Ct, NY County 2008].)
The defense does not dispute these well-settled principles. Instead, the defendant alleges that the accusatory instrument, as written, is facially insufficient because it does not specifically plead the inapplicability of what the defendant believes are “exceptions” contained within Penal Law § 245.01 that must be expressly negated in the complaint. To that end, the defense relies heavily on the Court of Appeals decision in People v Kohut (30 NY2d 183 [1972]). The People oppose the defendant’s motion, arguing that the wording in Penal Law § 245.01 is not an “exception” but rather a “proviso” that the defendant would be required to raise as a bar to the instant prosecution. The decision of what label to assign to a particular provision contained in a statute is critical to the determination of an accusatory instrument’s facial sufficiency, since an “exception” must be pleaded in the complaint, where as a “proviso” must be raised by the defendant at trial. (See People v Messina, 32 Misc 3d 318, 323-324 [Crim Ct, Kings County 2011].)
In a recent decision, the New York Court of Appeals more closely analyzed the pleading requirements for criminal offenses, and in doing so, reviewed the distinctions between an “exception” and a “proviso.” (See People v Davis, 13 NY3d 17 [2009].) In Davis, the Court of Appeals specifically held that the “main goal of the interpretative rules governing exceptions and provisos is to discover the intention of the enacting body.” (Davis, 13 NY3d at 31.) As such, the Davis Court upheld the conviction of a defendant who was convicted of remaining in a park after dark in violation of 56 RCNY 1-03, even though the accusatory instrument did not specifically allege facts to disapprove the statement in the rule — “except such sign may be disregarded upon order by a Police Officer or designated Department employee.” (56 RCNY 1-03 [c] [2].) In determining that such language was a “proviso” and not an “exception,” the Davis Court held that “as a matter of common sense and reasonable pleading” the People would not be required to disprove this element because “[s]uch information is uniquely within a de *594 fendant’s knowledge, and to require the People to plead and negate the existence of the relevant permission would require them to go to ‘intolerable lengths.’ ” (Davis, 13 NY3d at 31-32.) Further, the Court held that it could be reasonably inferred that the Parks Department intended such language in the statute to be a “proviso” which would be raised as a defense by the defendant at trial. (Id.)
The facts of the instant matter are analogous. Here, the defendant is charged with public exposure, after being observed sitting on a public New York City transit bus with his penis protruding from his pants. (See complaint.) Like the defendant in Davis, the defendant would be in the unique position to know whether or not he meets the statutory provision that would negate the offense charged in the complaint, to wit, that he was “entertaining or performing in a play, exhibition, show or entertainment.” (See Penal Law § 245.01.1[1] Further, like the Davis case, the court finds that it can be reasonably inferred that the legislature intended the relevant language contained in Penal Law § 245.01 to be provisos to be proved by the defendant at trial. (See Davis, 13 NY3d 17.)[2]
Even assuming, arguendo, that the elements at issue in Penal Law § 245.01 were exceptions that had to be explicitly pleaded, the allegations in the accusatory instrument are sufficient to proceed because the specific nonhearsay allegations negate the specific provisions contained in Penal Law § 245.01. (See People v Becker, 13 Misc 3d 492, 496 [Rochester City Ct 2006].) Here, the defendant is alleged to have been observed sitting on a public New York City transit bus with his penis protruding from an opening in his pants. (See complaint.) Clearly, he was not engaged in the “breastfeeding of [an] infant[ ].” Further, under the totality of the circumstances, and when viewed in the light most favorable to the People, it can reasonably be inferred that the defendant was not “entertaining or performing in a play, exhibition, show or entertainment.” (Penal Law § 245.01; see Barona, 19 Misc 3d 1122[A], 2008 NY Slip Op 50814[U] [2008].)
Accordingly the defendant’s motion to dismiss the complaint on the grounds of facial insufficiency is denied. Additionally, *595 since the accusatory instrument is facially sufficient the defendant’s motion pursuant to CPL 30.30 (1) (d) is now rendered moot.
III. Motion to Suppress Statements, or in the Alternative, for a Huntley/Dunaway Hearing
At the time of his arraignment, the People served CPL 710.30 (1) (a) statement notice that they intended to use a statement the defendant allegedly made at the time of his arrest.
The defendant now moves to suppress any statement allegedly made by the defendant for which notice was served on the grounds that such evidence was obtained in violation of his constitutional rights under the State and Federal Constitutions. The defendant contends that the statements were obtained illegally on the following grounds: (a) the statement was made after the defendant was subjected to custodial interrogation without first being advised of his rights under Miranda v Arizona-, (b) the statement was made involuntarily; and (c) the statement was secured after the defendant invoked his state and federal right to counsel. Additionally, the defendant contends that the statement was the direct result of an unlawful arrest in that there was no probable cause to arrest the defendant and as such the statement should be suppressed as the “fruit of the poisonous tree.” (Wong Sun v United States, 371 US 471, 488 [1963].)
In addition, the defendant moves this court for suppression of all statements made for which notice was not given pursuant to CPL 710.30, and requests a hearing to determine the voluntariness of any unnoticed statements obtained from him by the police that the People intend to use on cross-examination for impeachment purposes.
The People oppose defendant’s motion to suppress any statement for which notice was given under CPL 710.30 (1) (a), but consent to a pretrial evidentiary hearing on the issue of the voluntariness of the statement made by the defendant. The People also oppose the defendant’s motion for suppression of unnoticed statements for which notice was not required. Further, the People assert that they are not aware of any statements for which notice was not given that they intend to use for impeachment purposes, although reserve the right to use such statements should they learn of statements made by the defendant.
Defendant’s motion to suppress any statements for which CPL 710.30 (1) (a) notice was given is denied as premature, and the defendant’s motion for a Huntley /Dunaway hearing is *596 granted to determine the voluntariness and admissibility of defendant’s statements for which notice was served under CPL 710.30 (1) (a). With respect to the portion of the defendant’s motion to preclude such statements that notice has not been provided, such motion is denied as premature, with leave to renew before the trial judge as appropriate.
IV Motion to Suppress Identification Evidence, or in the Alternative for a Dunaway/Wade Hearing
At his arraignment on September 21, 2011, pursuant to CPL 710.30 (1) (b), the People served notice of their intention to use an identification made of the defendant by a witness in this matter.
The defendant moves to suppress all identification evidence, including any in-court identifications on the ground that the out-of-court identification evidence was obtained in violation of his state and federal constitutional rights. Alternatively, the defendant moves for a hearing to determine the admissibility of such evidence. The defendant contends that the identification procedure was police-arranged and was unnecessarily suggestive so as to create a substantial likelihood of misidentification. Defendant contends that this identification procedure taints and makes unreliable any future in-court identification. Additionally, defendant contends that no independent source exists which would otherwise permit an in-court identification at trial.
The People oppose the defendant’s motion to preclude identification testimony and defendant’s request for an evidentiary hearing. The People contend that the defendant was identified by the complainant without a police-arranged identification procedure and as such there is no issue as to the potentially suggestive nature of the identification. (See People v Burgos, 219 AD2d 504 [1st Dept 1995].)
The defendant’s motion to suppress all identification evidence is denied as premature. However, a Dunaway Wade hearing is granted to determine whether such identification procedure was police-arranged and, if so, the admissibility of the identification evidence.
V Motion Pursuant to Ventimiglia and Sandoval
The defendant moves in part to preclude the People from cross-examining the defendant as to prior criminal convictions and prior specific criminal and immoral acts. That portion of defendant’s request is denied, as premature, with leave to renew.
It is ordered, however, pursuant to CPL 240.43, that immediately prior to the commencement of the trial in this matter, *597 the prosecutor shall notify the defendant of all specific instances of defendant’s prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial either on its direct case or for purposes of impeaching the credibility of the defendant. Thereafter, defendant may renew his motion to preclude such evidence at trial, as appropriate.
VI. Motion to Preclude for Failure to Respond to Request for Bill of Particulars and Discovery Demand
The defendant moves to preclude the introduction of evidence not supplied in response to the defendant’s request for bill of particulars and demand to produce pursuant to CPL 200.95, 240.60 and 240.80. This motion is denied as prior to this decision the People have complied with defendant’s requests rendering the issue moot.
VII. Defendant’s Motion to Reserve his Right to Make Additional Motions
The defendant requests that he be allowed to reserve the right to make additional motions as may be necessary based upon information and disclosures which may result from the court’s granting of requests made in this motion. The defendant further requests to reserve the right to request an adjournment after pretrial hearings and to obtain and review a copy of the transcript, pursuant to People v Peacock (31 NY2d 907 [1972]).
The People oppose the filing of additional motions by the defendant. The People request that any additional motions filed, and any motions filed after the 45-day period be summarily denied absent a showing of good cause. (CPL 255.20 [3].)
The defendant’s motion to reserve the right to make additional motions is denied and the People’s motion is granted, to the extent as follows: if, as a result of the hearings held in this case, additional information is disclosed to the defendant, the defendant may make additional motions as appropriate. Further, if the People fail to disclose information or if information disclosed does not satisfy defendant’s request for information required by law to be disclosed, then the defendant may make the appropriate motion to compel disclosure. In that motion, the defendant must specify (1) the item(s) of information which the District Attorney has not disclosed, (2) why such information is relevant and applicable to this case, and (3) the provision of law or authority requiring disclosure of such information.
The defendant’s motion to reserve his right to request an adjournment after pretrial hearings and to obtain and review a *598 copy of the transcript is denied as premature with leave to renew after the conclusion of the hearings.

. It is clear based on the facts of the instant matter that the other statutory element, to wit, “breastfeeding an infant” is not applicable.

. To the extent that the County Court of Cattaraugus County in People v Krathaus held that such language was intended to be an “exception,” it should be noted that Krathaus, a nonbinding decision on this court, was decided 10 years before the Court of Appeals decision in Davis. (See People v Krathaus, 181 Misc 2d 378 [Cattaraugus County Ct 1999].)