[994 NYS2d 805]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v PETER BISHOP, Defendant.

Criminal Court of the City of New York, Queens County, September 2, 2014

**APPEARANCES OF COUNSEL**

*Legal Aid Society* (*John Kalinowski* of counsel) for defendant.

*Richard A. Brown, District Attorney* (*Kenneth Zawistowski* of counsel), for plaintiff.

**OPINION OF THE COURT**

ERNEST F. HART J.

The defendant is charged with unlawful solicitation of ground transportation services.

The defendant, in an omnibus motion, seeks: (1) to compel a bill of particulars and discovery; (2) dismissal of the charge; (3) a CPL 240.43/*Sandoval* hearing; and (4) reservation of rights.

The People filed a response to the defense motion.

The defendant's omnibus motion is decided as follows:

## Motion to Compel a Bill of Particulars and Discovery

The defendant moves to compel a bill of particulars and discovery, based on the People's failure to comply with his request for same. If they have not yet done so, the People are directed to provide the defense with a copy of their response to the defendant's request for a bill of particulars and discovery.

The People are reminded of their obligation under *Brady v Maryland* (373 US 83 [1963]) such that the defendant is afforded a meaningful opportunity to use the evidence. (*See People v Steadman*, 82 NY2d 1 [1993].)

## Dismissal of the Charge for Facial Insufficiency

The defendant moves to dismiss the charge for facial insufficiency (CPL 170.30 [1] [a]; 170.35). A legally sufficient information must contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant's commission thereof. An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 100.40 [1]; 100.15 [3]; *People v Alejandro*, 70 NY2d 133 [1987]; *People v Dumas*, 68 NY2d 729 [1986].)

The accusatory instrument provides, in relevant part,

> "Deponent states that on the above mentioned date, time and place of occurrence, he observed and overheard the defendant, Peter L. Bishop, offer ground transportation to arriving airline passengers as a vehicle for hire for a fee without permission or authority to do so.
>
> "Deponent further states that he is an employee of the Port Authority of New York and New Jersey and the legal custodian of said premise and the defendant does not have permission or authority to enter or remain upon such premise for the purpose

of engaging in the business activity of offering ground transportation services in the above described manner."

Vehicle and Traffic Law § 1220-b (1) provides:

"No person shall unlawfully solicit ground transportation services at an airport. A person unlawfully solicits ground transportation services at an airport, when, at an airport, such person, without being authorized to do so by the airport operator, or without having made a prior agreement to provide ground transportation services to a specific patron, engages or offers to engage in any business, trade or commercial transaction involving the rendering to another person of any ground transportation services from such airport."

The defendant asserts that the accusatory instrument does not provide reasonable cause to believe he committed the offense charged. Specifically, he argues that the facts do not describe what he said, the destination to where the services were offered, the price offered or agreed upon, whether he approached a group or individual or the number of times he engaged in such conduct. The court finds no merit to this contention. The information clearly states that the officer observed and overheard the defendant offer ground transportation to arriving airline passengers as a vehicle for hire for a fee without permission or authority to do so.

The defendant also asserts that the facts alleged are insufficient to establish that the defendant did not have a prior arrangement to provide ground transportation to a particular patron. In support of his position, the defendant cites *People v Villalobos* (41 Misc 3d 1219[A], 2013 NY Slip Op 51772[U] [Crim Ct, Queens County 2013]) and *People v Delosangeles* (Crim Ct, Queens County, June 17, 2013, Armstrong, J., docket No. 2012QN048661). In both *Villalobos* and *Delosangeles*, the facts alleged in the information supporting the charge of unlawful solicitation of ground transportation services are essentially the same as those alleged in the instant case. In both decisions, the court concluded that the accusatory instrument was "completely devoid of any information from which [the] Court could rationally conclude or infer that the defendant did not prearrange to provide ground transportation services to a particular patron" (*Villalobos*, 41 Misc 3d 1219[A], 2013 NY Slip Op 51772[U], *3).

In support of its position, the *Delosangeles* court cites *People v Davis* (13 NY3d 17 [2009]) and *People v Ramirez* (188 Misc 2d 170 [Crim Ct, Queens County 2001]). In the context of a motion for a trial order of dismissal, the *Ramirez* court found that the People must plead and prove the second "exception" in Vehicle and Traffic Law § 1220-b (1) that the defendant did not have a prior arrangement to provide transportation to a particular patron. The court noted that "the People typically [establish the 'prior arrangement' exception] by adducing proof that a police officer overheard the defendant hawking ground transportation services to apparent strangers." (*Ramirez* at 173.) (Such language is strikingly similar to the facts alleged in the instant accusatory instrument.) The *Ramirez* court further noted that "the [prior arrangement] agreement by its very nature would be within the exclusive knowledge of the defendant, and consequently, defendant would have the burden of rebutting the People's proof at trial with that evidence." (*Id.* [citation omitted].)

In *Davis*, a case involving a New York City Parks and Recreation Department rule that prohibited entering city parks after the posted closing time (except upon order of the police or a Parks Department employee), the Court found that the language above, noted parenthetically, constitutes a proviso which the defendant is required to raise, rather than an exception, which must be pleaded by the People. (*Davis* at 32.) The *Davis* Court noted that

> "the City's Parks Department did not intend that the People plead and prove that no police officer or Parks Department employee had authorized defendant to ignore a posted closing time. Such information is uniquely within a defendant's knowledge, and to require the People to plead and negate the existence of the relevant permission" would be unduly burdensome. (*Davis* at 31-32.)

The *Davis* Court ruled that if certain information is "uniquely within a defendant's knowledge" (*Davis* at 32), the statutory language constitutes a proviso, rather than an exception, while the *Ramirez* court found that the "prior agreement" statutory language constitutes an exception rather than a proviso, despite also finding that the existence of a prior agreement is "within the exclusive knowledge of the defendant." (*Ramirez* at 173.) The subsequent holding by the Court of Appeals in *Davis* ap-

pears to clarify the issue as to whether or not statutory language constitutes a proviso, which need not be pleaded by the People, when the relevant information is solely within the defendant's knowledge.

Relying on *Ramirez*, the *Delosangeles* court found that the People bear the burden at the pleading stage of demonstrating that the prior arrangement exception is inapplicable and that they failed to do so. That court distinguished its facts from those of *Davis* and granted the motion to dismiss for facial insufficiency finding that the People were in a position to set forth facts from which it could be inferred that no prearranged agreement for transportation existed, but failed to allege sufficiently specific facts.

This court respectfully disagrees with the findings in *Delosangeles* and declines to draw a similar conclusion. Whether the defendant had a "prior agreement" to provide transportation services to a specific patron is "uniquely within a defendant's knowledge" (*Davis* at 32), and is therefore a proviso which need not be pleaded by the People and which must be raised by the defendant. In any event, the inapplicability of the "prior agreement" statutory language in the instant case may be inferred from the facts alleged. (*See People v Orimogunje*, 35 Misc 3d 639, 642 [Crim Ct, Bronx County 2012].) The allegations that the officer observed and overheard the defendant offer ground transportation to arriving airline passengers as a vehicle for hire are sufficient for pleading purposes to establish that the defendant did not have a prior agreement to provide transportation to a specific patron. *The defendant's motion to dismiss the charge of unlawful solicitation of ground transportation services is accordingly, denied.**

## CPL 240.43 Motion/*Sandoval* Hearing

The branch of the defendant's motion seeking a *Sandoval* hearing and notice from the People of specific instances of prior uncharged criminal, vicious or immoral conduct is granted to the extent that the defendant has leave to resubmit this portion of the motion to the trial judge.

---

* The court notes that the decisions cited by the defense were rendered by courts of concomitant jurisdiction and are, therefore, not binding on this court. (*See People v Franqui*, 26 Misc 3d 313 [Crim Ct, NY County 2009].)

## Reservation of Rights

The branch of the defendant's motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).