[996 NYS2d 860]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTEN HOWARD, Appellant.

Supreme Court, Appellate Term, First Department, October 20, 2014

## APPEARANCES OF COUNSEL

*The Legal Aid Society*, New York City (*Adrienne M. Gantt* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Philip Morrow* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Judgment of conviction, rendered May 31, 2011, affirmed.

Defendant's conviction of unlicensed general vending (*see* Administrative Code of City of NY § 20-453) was supported by legally sufficient evidence and was not against the weight of the evidence, which undisputedly showed that defendant, in a public space and without a vending license, displayed and offered for sale upwards of 50 rings and other items of costume jewelry, with each ring priced at $20.

We reject, as did Criminal Court, defendant's contention that her vending of the jewelry—consisting mostly of variously shaped and colored rings made by defendant using, among other materials, "real pressed" flowers—was constitutionally protected speech. Defendant does not, nor can she reasonably argue that the rings that she concededly offered for sale are inherently artistic or expressive in nature (*see Mastrovincenzo v City of New York*, 435 F3d 78, 92-93 [2d Cir 2006]). Rather, defendant asserts, unpersuasively to our view, that her vending of the rings was subject to First Amendment protection as "political speech." In this connection, defendant claims that her vending activities included the dissemination of written matter on environmentalism, highlighting in particular the environmental benefits of eating locally grown foods, and her advancement of that message by engaging passersby in discussion. However, these permissible and, as viewed in many quarters, laudable political activities were not shown, on this record, to be "inextricably intertwined" (*Riley v National Federation of Blind of N.C., Inc.*, 487 US 781, 796 [1988]) to the sale of the rings here at issue. Significantly, the only communicative component of any of the rings was a terse, handwritten "Go Green" message that appeared not on the front face of the rings, but instead on the inside band of some but not all of the rings, essentially hidden

from view.* Given the inconspicuous placement of defendant's "Go Green" message, the trial court was warranted in concluding that defendant's peddling of the rings was unprotected commercial activity that fell within the reach of the licensing requirements of the vending ordinance (*see Al-Amin v City of New York*, 979 F Supp 168, 173 [ED NY 1997]).

Defendant's present argument that the rings qualified as written matter exempt from the ordinance's licensing requirements is unpreserved for appellate review, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Under no reasonable analysis can the rings, even those rings to which the "Go Green" message was loosely affixed, be equated with the "newspapers, periodicals, books [and] pamphlets" specifically exempted from coverage by the terms of the vending ordinance (*see People v Ndiaye*, 26 Misc 3d 212 [2009]). Moreover, even if the rings could reasonably be viewed as written matter, the statutory exemption—made applicable by its terms only where a general vendor sells or offers to sell written materials "but no other items required to be licensed" (Administrative Code § 20-453)—would still not come into play, in light of defendant's ready acknowledgment at trial that, in addition to the rings, she also displayed and offered for sale several necklaces which, so far as appears, bore no written message.

Having failed to move to dismiss the accusatory instrument in furtherance of justice (*see* CPL 170.40) in a timely fashion (*see* CPL 170.45, 210.45) or, indeed, at any point during the trial proceedings below, defendant may not now be heard to invoke the statutory dismissal remedy for the first time on appeal (*see* Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 170.45 at 117). To the extent relief under CPL 170.40 is still available to defendant, we find no "compelling factor" which clearly demonstrates that defendant's conviction will result, or has resulted, in injustice (*see* CPL 170.40 [1]).

SHULMAN, J.P. and HUNTER, JR., J., concur.

---

* We accept for purposes of this appeal that defendant initially attached identical "Go Green" messages to each of the rings on display on the date of the incident, and that, consistent with defendant's testimony, the attached messages eventually came off of a small minority of the rings as a result of a faulty epoxy adhesive.