The People of the State of New York, Respondent,
against
Jose Andujar, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Frank P. Nervo, J., on dismissal motion; Anthony J. Ferrara J., at trial and sentence), rendered October 26, 2011, after a nonjury trial, convicting him of four counts of unlicensed general vending.




Per Curiam.
Judgment of conviction (Frank P. Nervo, J., on dismissal motion; Anthony J. Ferrara J., at trial and sentence), rendered October 26, 2011, affirmed.
Defendant's conviction of unlicensed general vending (see Administrative Code of City of NY 20-453) was supported by legally sufficient evidence and was not against the weight of the evidence, which showed that defendant, without a license, offered for sale condoms on a street corner near Times Square.
We reject defendant's contention that he was engaged in constitutionally protected speech, exempt from the licensing requirements of the general vending law, because the condoms were contained in packages containing political messages (see People v Larsen, 29 Misc 3d 423 [Crim Ct., NY County 2010]). In this regard, the condoms offered for sale by defendant were typical name brand "Lifestyles" or "Crown" condoms, each one individually sealed in its own plastic wrapper and then placed inside a cardboard envelope or sleeve. Each sleeve depicted the image of a public figure, such as President Obama, Senator John McCain, and Governor Sarah Palin, and bore a humorous, innuendo-laden slogan. For instance, one slogan on the condom package bearing President Obama's image read "The ultimate stimulus package," while one on the package with Governor Palin's image read "As thin as her resume."[FN1]


On these facts, Criminal Court was warranted in concluding that the condoms were commercial goods whose dominant purpose was utilitarian - for use as a prophylactic device - and not expressive (see People v Lam, 21 NY3d 958, 959-960 [2013]; Mastrovincenzo v City of [*2]New York, 435 F 3d 78, 95-96 [2d Cir. 2006]). Defendant's clever marketing of the condoms, by linking them to current public figures and current public debates, does not entitle him to the constitutional protection afforded to noncommercial speech (see Board of Trustees of State University of New York v Fox, 492 US 469, 475 [1989]; Central Hudson Gas & Elec. Corp. v. Public Service Commission of New York, 447 US 557, 563. N 5 [1980] [advertising which "links a product to a current public debate" is not entitled to the constitutional protection afforded noncommercial speech]). Since the "speech" at issue herein was for advertising purposes, drew potential customers to a specific commercial enterprise or product, and was economically motivated, it was subject to greater regulation than other speech (see Bolger v Young Drug Prods. Corp., 463 US 60, 67-68 [1983]), and therefore fell within the reach of the licensing requirements of the vending ordinance.

Nor can the condom sleeves be equated with the "newspapers, periodicals, books [and] pamphlets" specifically exempted from coverage by the terms of the vending ordinance (see People v Howard, 45 Misc 3d 66, 68 [2014], lv denied 26 NY3d 1109 [2016]; People v Ndiaye, 26 Misc 3d 212 [Crim Ct., NY County 2009]).

Defendant's contention that the trial court improperly denied his request for a mistake of law charge is unavailing. Defendant requested that charge on the theory that he sold "Obama Condoms" without a license in reliance on a prior Criminal Court determination that the condoms fell within the written matter exception to the unlicensed general vending law (see People v Andujar, 31 Misc 3d 757 [Crim Ct., NY County 2011]). However, in dismissing that prior accusatory instrument on facial sufficiency grounds, Criminal Court never examined the condoms and "presumed" that they were of "questionable effectiveness [without] the ordinary guarantees associated with name-brand condoms" (id. at 761). The court further stated that "if the defendant was selling a name-brand condom such as ... Lifestyles, there would be no question that the items do not fall within the written matter exception ... even if the defendant was engaging in political discourse amidst the sale" (id. at 762). Since defendant was on explicit notice that selling name-brand, functional condoms was prohibited, the law upon which defendant claims to have relied did not "in fact" authorize the conduct (see People v Marrero, 69 NY2d 382, 388, 391-392 [1987]). Moreover, a "mistaken, good-faith belief that the conduct was authorized by law" may not be considered as a defense where, as here, the crime at issue did not "require[] a specific intent premised on knowledge of the law" (Marrero, 69 NY2d at 391-392). 

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: June 29, 2016



Footnotes

Footnote 1:Other slogans on the "Obama condoms"were "Hope is not a form of protection" and "Won't break as easily as his promises; slogans on the"McCain Condoms" included "Old but not expired"; and the slogans on the "Palin Condoms" included "Going Rogue" and "When abortion is not an option."