The People of the State of New York, Respondent,
against
Agustin Hilario, Appellant.




New York City Legal Aid Society (Paul Wiener, Esq.), for appellant.
District Attorney Queens County (Johnnette Traill, Anastasia Spanakos of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered July 6, 2015. The judgment convicted defendant, upon his plea of guilty, of unlawful solicitation of ground transportation services at an airport.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with violating Vehicle and Traffic Law § 1220-b, "Unlawful solicitation of ground transportation services at an airport," which provides, in pertinent part, that:
"1. No person shall unlawfully solicit ground transportation services at an airport. A person unlawfully solicits ground transportation services at an airport, when, at an airport, such person, without being authorized to do so by the airport operator, or without having made a prior agreement to provide ground transportation services to a specific patron, engages or offers to engage in any business, trade or commercial transaction involving the rendering to another person of any ground transportation services from such airport."
The factual part of the accusatory instrument alleges that, between 1:20 p.m. and 1:23 p.m. on December 16, 2014, at the arrivals area of Terminal 1 at JFK Airport, a Port Authority [*2]police officer:
"observed and overheard the defendant, Agustin Hilario, offer ground transportation to multiple arriving airline passengers as a vehicle for hire for a fee, without permission or authority to do so.
"Deponent further states that he is an employee of the Port Authority of New York and New Jersey and the legal custodian of said premise and the defendant does not have permission or authority to enter or remain upon said premise for the purpose of engaging in the business activity of offering ground transportation services in the above described manner.
"Deponent further states that a check of official police records kept and maintained in the ordinary course of business within a reasonable time of the event or occurrence reflected therein, indicates that the defendant was previously warned both verbally and in writing on April 8, 2014 by [another Port Authority] Police Officer . . . . not to enter or remain in or upon JFK or LaGuardia Airports for the purpose of engaging in the business activity of offering ground transportation services in the above described manner."
On July 6, 2015, defendant waived prosecution by information and pleaded guilty to unlawful solicitation of ground transportation services at an airport.
On appeal, defendant contends that the accusatory instrument was jurisdictionally defective because it failed to allege that defendant had not made a prior agreement to provide ground transportation services to a specific patron, which allegation, defendant claims, is an "exception" in the statute that had to be pleaded by the People in the accusatory instrument (see People v Villalobos, 41 Misc 3d 1219[A], 2013 NY Slip Op 51772[U] [Crim Ct, Queens County 2013]; People v Ramirez, 188 Misc 2d 170 [Crim Ct, Queens County 2001]). The People essentially argue that the claim is unpreserved for appellate review; that it is not applicable because defendant waived prosecution by information, and thus, the reasonable cause standard for misdemeanor complaints applies; that the portion of the statute at issue is a "proviso," not an exception, which need not be pleaded in the accusatory instrument (see People v Bishop, 45 Misc 3d 645 [Crim Ct, Queens County 2014]); and that, in any event, the factual allegations of the accusatory instrument meet the requirements of the statute.
As defendant waived prosecution by information, the accusatory instrument in this case must meet the jurisdictional requirements for a misdemeanor complaint. The factual part of the misdemeanor complaint must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]), and must establish reasonable cause to believe that the defendant committed the charged offense (see CPL 100.40 [4] [b]; People v Kalin, 12 NY3d 225, 228 [2009]). The fact that defendant pleaded guilty and did not raise the jurisdictional issue in the court below does not preclude a challenge to the sufficiency of the accusatory instrument on appeal (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Kalin, 12 NY3d at 229; People v Konieczny, 2 NY3d 569, 573 [2004]; People v Alejandro, 70 NY2d 133 [1987]).
We need not decide whether the portion of the statute at issue is an exception or a proviso, as, in any event, the factual part of the accusatory instrument sufficiently eliminated the [*3]possibility that defendant had "made a prior agreement to provide ground transportation services to a specific patron" (Vehicle and Traffic Law § 1220-b [1]), in that it alleged that the police officer had "observed and overheard the defendant, Agustin Hilario, offer ground transportation to multiple arriving airline passengers as a vehicle for hire for a fee."
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017