<partyblock>

The People of the State of New York, Respondent,  

against

Luis Castillo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J.), rendered January 23, 2017, after a nonjury trial, convicting him of unlicensed general vending and failure to display a vendor's license, and sentencing him to a fine of $275.

Per Curiam.

Judgment of conviction (Guy H. Mitchell, J.), rendered January 23, 2017, affirmed.

The accusatory instrument was not jurisdictionally defective. Nonhearsay allegations established every element of the charged vending offenses (see Administrative Code of City of NY  20-453, 20-461) with sufficient detail to satisfy the demands of due process and double jeopardy. The arresting police officer alleged that he observed defendant at a specified time and public location, "display and offer for sale more than five hats," "holding" the hats in his hand, "showing" them to numerous people, "hawking" the items, "saying five dollars," and that defendant did not display a vendor's license and could not produce one at the officer's request (see People v Kasse, 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). Contrary to defendant's contention, the information was not required to allege the inapplicability of the "written" materials exception to the permit requirement (see People v Davis, 13 NY3d 17, 31 [2009]; People v Niang, 62 Misc 3d 146[A], 2019 NY Slip Op 50202[U][App Term, 1st Dept 2019]; People v Reddick, 61 Misc 3d 147[A], 2018 NY Slip Op 51712[U] [App Term, 1st Dept 2018], lv denied ___ NY3d ___ [2019]).

Defendant's present challenge to the legal sufficiency of the evidence, based upon his contention that the hats, which bore a Dominican flag, qualified as First Amendment protected written matter exempt from the general vending licensing requirements, is unpreserved for appellate review, and contradicted by defendant's trial testimony. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, to the extent the existing record permits review, we find that the dominant purpose of the hats was utilitarian and not expressive (see People v Lam, 21 NY3d 958, 959-960 [2013]; see also Mastrovincenzo v City of New York, 435 F 3d 78, 95-96 [2d Cir 2006]; People v Andujar, 52 Misc 3d 57 [App Term, 1st Dept 2016], lv denied 28 NY3d 968 [2016]; People v Howard, 45 Misc 3d 66 [App Term, 1st [*2]Dept 2014], lv denied 26 NY3d 1109 [2016]).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 17, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>